# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fif h Circuit

**FILED**
March 30, 2017

Lyle W. Cayce
Clerk

No. 16-50424
c/w No. 16-50426
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ALFRED ARROYO MENDIETA,

Defendant - Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 1:15-CR-275-1
USDC No. 1:15-CR-239-1

Before BARKSDALE, GRAVES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Alfred Arroyo Mendieta appeals the sentences imposed following his conviction for possession, with intent to distribute, cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and the revocation of his supervised release under 18 U.S.C. § 3583(e).  Mendieta's advisory Sentencing Guidelines range was calculated to be 37 to 46 months for the new offense; for the revocation, 24

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 16-50424
c/w No. 16-50426

to 30 months. In imposing sentence, the district court, *inter alia*, upwardly departed pursuant to Guideline § 4A1.3 and imposed 78-months' imprisonment for the new conviction and a consecutive 36-month sentence for revocation of his supervised release.

Mendieta maintains: the court committed procedural error by upwardly departing; and the sentences are substantively unreasonable.

As Mendieta concedes, because he did not raise his upward-departure contentions in district court, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Mendieta must show a forfeited plain (clear or obvious) error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, we have the discretion to correct the reversible plain error, but should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

In departing upward, the court considered Mendieta's numerous prior convictions, mostly for similar conduct, which did not score criminal-history points. Under Guideline § 4A1.3, a court may depart upward if "defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history". Accordingly, he fails to show the requisite clear or obvious error in the decision to depart. *See* U.S.S.G. §§ 4A1.3, 7B1.4, cmt. n.2; *United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir. 2006).

For his substantive-unreasonableness claims, we review "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard", if the claim is preserved. *Gall v. United States*, 552 U.S. 38, 51 (2007); *see also United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). If not, plain-error review applies. *See Broussard*, 669 F.3d at 546.

2

No. 16-50424
c/w No. 16-50426

We need not decide, however, whether Mendieta preserved his substantive reasonableness contentions because he fails to show reversible error under either standard of review. Mendieta's two sentences, including the upward departures, advance the relevant objectives of the 18 U.S.C. § 3553(a)(2) sentencing factors, are justified by the facts, and are reasonable. *See Gall*, 552 U.S. at 51; *Zuniga-Peralta*, 442 F.3d at 347. We also reject Mendieta's contention that his sentence is unreasonable because Guideline § 2D1.1 is not empirically grounded. *See United States v. Duarte*, 569 F.3d 528, 530–31 (5th Cir. 2009).

AFFIRMED.